UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-147 HEA |
| | ) | |
| JOHN GLASSCOCK and ST. LOUIS COUNTY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Brandon Taylor brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $10.92.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).  Plaintiff's motion for counsel will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee at the St. Louis County Jail. ECF No. 1 at 2. In his signed and sworn application to proceed without prepayment of fees and costs, Plaintiff states that he is not employed, has no income, has received no money in the past twelve months, and has no money in a checking or savings account. ECF No. 2 at 1-2. Despite this, the inmate account statement that Plaintiff submitted in support of his motion shows average monthly deposits of $54.60, over the most recent six-month period. ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $10.92, which is twenty percent of Plaintiff's average monthly deposit. 28 U.S.C. § 1915(b)(1)(A).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Pretrial-detainee Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against: (1) St. Louis County Jail nurse John Glasscock and (2) St. Louis County. ECF No. 1 at 2-3.

Plaintiff's entire 'Statement of Claim,' in his own words, is as follows:

> Wednesday April 10th 2022 @ 7:30 pm, I was given 3 different type of pills that was my medication, after I informed the nurse that it wasn't my medication. The pills I was given was Keppra,[1] Zyprexa,[2] Prazosin.[3]
> The pills I was given made me hallucinate. I was thinking about suicide.
> I was denied my medication that treated my hypertension.
> I was denied mental health treatment after my suicide ideations.
> I was denied a grievance process.

*Id.* at 4.

---

[1] Keppra is used to treat certain types of seizures in people with epilepsy. *See* Drugs.com, https://www.drugs.com/keppra.html.

[2] Zyprexa is an antipsychotic medication used to treat conditions such as schizophrenia and bipolar disorder. *See* Drugs.com, https://www.drugs.com/zyprexa.html.

[3] Prazosin is used to treat hypertension (high blood pressure). *See* Drugs.com, https://www.drugs.com/mtm/prazosin.html.

Plaintiff states that his injuries were "suicide thoughts, suicide ideations, [and] high hypertension disorder." *Id.* For relief, Plaintiff seeks $250,000 in damages plus court costs. *Id.* at 5.

## Discussion

Plaintiff's complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted and therefore, it will be dismissed. Plaintiff fails to allege sufficient facts to state a claim of deliberately indifferent medical care against nurse Glasscock. Plaintiff fails to make any allegations against St. Louis County at all. However, to the extent Plaintiff is attempting to assert a claim of municipality liability against St. Louis County based on the actions of nurse Glasscock, this claim also fails. For the reasons discussed below, Plaintiff's case will be dismissed and his motion for appointment of counsel will be denied as moot.

**I.     Defendant Nurse John Glasscock**

The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth

Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

In this case, Plaintiff alleges that he was given the wrong medications by a nurse on the evening of April 10, 2022. Plaintiff never states if this nurse is defendant Glasscock but the Court will assume that it is, as Plaintiff is self-represented and his allegations must be liberally construed. According to Plaintiff, the incorrect medications that he received caused him to hallucinate and have thoughts about suicide. He also asserts that his high blood pressure was not being treated, even though one of the medications that he admits to having received (Prazosin) is used for the treatment of hypertension. As to Plaintiff's claims of denial of mental health treatment after having

suicidal thoughts, and denial of the grievance process, these incidents occurred after the alleged negative side effects resulting from receipt of the wrong medications. As these denials happened at a different time and place, there is no evidence that nurse Glasscock was involved.[4]

Although "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference," that is not the case here. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006). Plaintiff alleges one incident of nurse Glasscock giving Plaintiff the wrong medications. This assertion of a single negligent act does not include any allegations of unintended loss of, or deliberate injury to, life. Plaintiff does not assert that Glasscock intentionally or maliciously gave him the wrong medications, or that Glasscock withheld his medications altogether. *See Dadd v. Anoka Cnty.*, 827 F.3d 749, 757 (8th Cir. 2016) ("When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow.").

Plaintiff's allegations here are not enough to constitute deliberately indifferent medical care. Allegations of mere negligence in giving or failing to supply medical treatment will not suffice to establish cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1054-55 (8th Cir. 2020) (negligent conduct not enough to establish a violation of an underlying constitutional right in § 1983 claim). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also McClain v. Howard*, 2015 WL 6123063, at *9 (W.D. Ark. Sept. 21, 2015) (*citing Crites v. Bunt*, 2014 WL 2738432, * 6 (S.D. Ill. June 17, 2014) (giving an inmate

---

[4] Plaintiff names no defendant as responsible for the denial of his requests for mental health treatment or use of the grievance process. As liability under 42 U.S.C. § 1983 is personal, these claims are also subject to dismissal for failure to state a claim upon which relief may be granted. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

the wrong medication on a single occasion at most supports a finding that the officer was negligent)).

For all of these reasons, Plaintiff's claims against nurse Glasscock are subject to dismissal for failure to state a § 1983 claim upon which relief may be granted. *See also Daniels v. Ferguson*, 321 F. App'x 531 (8th Cir. 2009) (affirming district court's dismissal of deliberate indifference claim where pretrial-detainee plaintiff was given the wrong medication, resulting in an illness and fall).

### II.     Defendant St. Louis County

Plaintiff's claims against defendant St. Louis County are subject to dismissal for multiple reasons. First, Plaintiff fails to state a claim against defendant St. Louis County because Plaintiff never even makes any allegations against the County in his complaint. Plaintiff does not allege any facts as to how St. Louis County is causally linked to, and directly responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely lists St. Louis County as a defendant without alleging, with any specificity, that it did anything to violate his rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief may be granted as to defendant St. Louis County. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Second, to the extent that Plaintiff is trying to raise a municipality liability claim against St. Louis County based on the alleged actions of its employee-nurse Glasscock, Plaintiff's claim also fails. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Because Plaintiff here fails to state a claim of a constitutional violation by nurse-employee Glasscock, any claim for § 1983 or *Monell* liability against St. Louis County also fails. *See Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 861 (8th Cir. 2018) ("[A]bsent a constitutional violation by a city employee, there can be no § 1983 or Monell liability for the City."); *see also Malone v. Hinman*, 847 F.3d 949, 955-56 (8th Cir. 2017) (finding no § 1983 or *Monell* liability on the part of the city where no constitutional violation by the police officer employee); *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007) (finding that without a constitutional violation by the individual officers, there could be no § 1983 or *Monell* municipal liability).

Furthermore, Plaintiff has not alleged any facts that support a *Monell* claim against defendant St. Louis County. Plaintiff does not assert that St. Louis County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the allegations. Specifically, there are no allegations regarding a pattern of similar constitutional violations by other St. Louis County employees. Therefore, any municipality liability claim against St. Louis County fails. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of

*Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

For all these reasons, Plaintiff fails to state a claim for § 1983 relief against defendant St. Louis County. Plaintiff's claims will be dismissed and his motion for appointment of counsel will be denied as moot. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $10.92 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants John Glasscock or St. Louis County because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants John Glasscock and St. Louis County are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 29th day of March, 2023.

                                                      HENRY EDWARD AUTREY
                                                      UNITED STATES DISTRICT JUDGE